UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

    - v. -                            :
                                                  **SUPERSEDING**
DOMINICK SHERLAND,                    :   **INDICTMENT**
   a/k/a "D-Nick,"
              Defendant.        :   S6 15 Cr. 95 (AJN)

                                               :

- - - - - - - - - - - - - - - - - - x

## THE RACKETEERING VIOLATIONS

### COUNT ONE

### THE RACKETEERING CONSPIRACY

    The Grand Jury charges:

### THE ENTERPRISE

    1.  At all times relevant to this Indictment, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, were members and associates of the Big Money Bosses street gang ("BMB" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, murder, attempted murder, robbery, attempted robbery, narcotics trafficking, bank fraud, and the passing of counterfeit currency.

    2.  BMB was a faction of the "Young Bosses," or "YBz" street gang, which operates in various parts of New York City. BMB, whose members and associates also referred to themselves as "Blamma," "Money Making Mafia," or "Triple M," operated principally in the

vicinity of White Plains Road between 215th Street and 233rd Street in the Bronx, New York, including in an area on 224th Street described by members of the Enterprise as the "Forts," as well as in the vicinity of Boston Road and Eastchester Road in the Bronx, in an area described by members of the Enterprise as "B-Road."

3. Members of BMB and their associates committed acts of violence, including shootings, against rival gangs, including: (a) the "2Fly YGz," which is based in the Eastchester Gardens public housing development in the Bronx ("2Fly"); (b) the "Slut Gang," which is based in the Boston Secor public housing development in the Bronx; and (c) the "YSGz," which is based in the Edenwald public housing development in the Bronx.

4. In addition to committing acts of violence and selling narcotics, members and associates of BMB engaged in acts involving robbery, attempted robbery, and bank fraud, and passed counterfeit currency, all in order to generate funds for the Enterprise.

5. BMB, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this

Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.

6. DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, was a member and associate of the Enterprise who carried out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

## PURPOSES OF THE ENTERPRISE

7. The purposes of the Enterprise included the following:

   a. Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including marijuana and cocaine base, as well as robbery, attempted robbery, bank fraud, and the passage of counterfeit currency.

   b. Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

   c. Promoting and enhancing the Enterprise and the activities of its members and associates.

## MEANS AND METHODS OF THE ENTERPRISE

8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

   a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit acts of violence,

3

including murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs, such as 2Fly, the Slut Gang, and the YSGz.

b. Members and associates of the Enterprise used physical violence and threats of violence, including murder and attempted murder, against others, including in particular rival gang members and rival narcotics traffickers.

c. Members and associates of the Enterprise used physical violence against various people, including acts involving murders and attempted murders.

d. Members and associates of the Enterprise participated in acts involving robberies and attempted robberies.

e. Members and associates of the Enterprise sold narcotics, including marijuana and cocaine base.

f. Members and associates of the Enterprise engaged in bank fraud and passed counterfeit currency.

## THE RACKETEERING VIOLATION

9. From at least in or about 2007, up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in paragraphs 1 through 8 of Count One of this Indictment, to wit, BMB, knowingly combined, conspired, confederated, and agreed together and with each other to violate

the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

> Multiple acts involving murder, that is, New York Penal Law, Sections 20.00 and 125.25 (murder); New York Penal Law, Sections 20.00, 110.00, and 125.25 (attempted murder); New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);
>
> Multiple acts involving robbery, that is, New York Penal Law, Sections 160.10, 160.05, 20.00 (robbery); New York Penal Law, Section 160.10, 160.05, 110.00 (attempted robbery); New York Penal Law 105.10 (conspiracy to commit robbery);
>
> Multiple acts indictable under 18 U.S.C. § 1951 (Hobbs Act robbery);
>
> Multiple offenses involving the distribution of controlled substances, including 280 grams and more of cocaine base, marijuana, and oxycodone, in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2;
>
> Multiple acts indictable under 18 U.S.C. §§ 1344 and 2 (bank fraud); and
>
> Multiple acts indictable under 18 U.S.C. §§ 472, 473, and 2 (the passage of counterfeit currency).

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

NOTICE OF SPECIAL SENTENCING FACTORS

10. From at least in or about 2007, up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11. It was a part and an object of the conspiracy that DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), and 846.

12. On or about May 15, 2010, in the Southern District of New York, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Jeffrey Delmore, in the vicinity of East Gun Hill Road in the Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Jeffrey Delmore, and under circumstances evincing a depraved indifference to human life, SHERLAND, and others known and unknown, did cause the death of Delmore, and did recklessly engage in conduct which created a grave risk of death

to another person, and thereby caused the death of Delmore, and did aid and abet one another in causing such death.

(Title 18, United States Code, Section 1962(d).)

### COUNT TWO

### MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

13. At all times relevant to this Indictment, BMB, as described in paragraphs 1 through 8 of Count One of this Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

14. At all times relevant to this Indictment, BMB through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

15. On or about May 15, 2010, in the Southern District of New York, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BMB, and for the purpose of gaining entrance to and maintaining and increasing position in BMB, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Jeffrey Delmore, that is, with the intent to cause the death of Jeffrey Delmore, did cause the death of Delmore, and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Delmore in the vicinity of East Gun Hill Road, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## NARCOTICS OFFENSES

### COUNT THREE

NARCOTICS CONSPIRACY

The Grand Jury further charges:

16. From at least in or about 2007, up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire,

confederate, and agree together and with each other to violate the narcotics laws of the United States.

17. It was a part and an object of the conspiracy that DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

18. The controlled substances that DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, conspired to distribute and possess with intent to distribute were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); (2) 100 kilograms and more of a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (3) a quantity of mixtures and substances containing a detectable amount of oxycodone, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### COUNT FOUR

### DISTRIBUTION OF NARCOTICS WITHIN ONE THOUSAND FEET OF PLAYGROUNDS AND SCHOOLS

The Grand Jury further charges:

19. From at least in or about 2007, up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, intentionally and knowingly did distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

20. The controlled substances DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, distributed and possessed with intent to distribute were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (2) 100 kilograms and more of a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B).

21. DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, knowingly committed the narcotics trafficking offense charged in Count Four of this Indictment within 1000 feet of: (1) playgrounds, to wit, the Agnes Haywood Playground located in the vicinity of Barnes Avenue between 215th and 216th Streets, and the Rienzi

Playground located in the vicinity of White Plains Road between 225th Street and 226th Street; and (2) public and private elementary, vocational, and secondary schools, to wit, Regent School located in the vicinity of White Plains Road and 216th Street, the Young Scholars Academy of the Bronx located in the vicinity of Barnes Avenue between 216th Street and 217th Street, the St. Mary School located in the vicinity of Carpenter Avenue between 224th Street and 225th Street, and P.S. 103 Hector Fontanez located in the vicinity of Carpenter Avenue between 229th Street and 230th Street, Bronx, New York.

(Title 21, United States Code, Sections 846 and 860, and Title 18, United States Code, Section 2.)

## FIREARMS OFFENSES

### COUNT FIVE

USE OF FIREARMS IN FURTHERANCE OF COUNT ONE

The Grand Jury further charges:

22. From at least in or about 2007 up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession

of firearms, including firearms that were brandished and discharged on multiple occasions.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT SIX

### USE OF FIREARMS IN FURTHERANCE OF COUNT THREE

The Grand Jury further charges:

23. From at least in or about 2007 up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Three of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including firearms that were brandished and discharged on multiple occasions.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii), 924(c)(1)(c)(i), (ii), (iii), and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

24. As a result of committing the offense alleged in Count One of this Indictment, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 1963, (i) any interest the defendant acquired or maintained as a result of the commission of the offense alleged in Count One of the Indictment; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in committing the offense alleged in Count One of the Indictment; and (iii) any property, constituting or derived from, any proceeds which the defendant obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment.

### Substitute Assets Provision

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963; Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).)

## FORFEITURE ALLEGATION AS TO COUNT THREE

26. As a result of committing the controlled substance offense alleged in Count Three of this Indictment, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violation alleged in Count Three of this Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said violation, including, but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count Three of the Indictment.

### Substitute Asset Provision

27. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
JOON H. KIM  
Acting United States Attorney

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DOMINICK SHERLAND, a/k/a "D-Nick,"

Defendant.

SEALED SUPERSEDING INDICTMENT

S6 15 Cr. 95 (AJN)

(18 U.S.C. §§ 1962(d), 1959(a)(1)
924(j)(1), 924(c)(1)(A)(iii), and 2, and
21 U.S.C. 846.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.