# SAPONE & PETRILLO, LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 0 8 2017

William S. Petrillo, Esq., Partner
Edward V. Sapone, Esq., Partner

Chase S. Ruddy, Esq., Senior Associate
Kaitlyn E. Deveryals, Esq., Associate

MANHATTAN
1 Penn Plaza, Suite 5315
New York, New York 10119
Telephone: (212) 349-9000
Facsimile: (212) 349-9003
E-mail: ed@saponepetrillo.com

LONG ISLAND
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
Telephone: (516) 678-2800
Facsimile: (516) 977-1977
E-mail: william@saponepetrillo.com

SO ORDERED:

12/8/17

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

December 8, 2017

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> The Court hereby schedules a conference for Monday, December 11, 2017, at 5pm. SO ORDERED.

Re: *United States of America v. Nico Burrell, et al.*
Ind. No.: 15-CR-95 (AJN)

Dear Judge Nathan:

I, along with Todd Bussert, Esq., represent Defendant Dominick Sherland. We write to respectfully ask the Court to adjourn Mr. Sherland's January 2, 2018 trial based on a critical DNA issue that must be developed and our need to retain additional defense experts to challenge the OCME's DNA findings.

On August 22, 2017, the government turned over a five-page OCME report which included, among other things, a finding that it is essentially more than 4,000 times more likely than not that Mr. Sherland's DNA is included in a DNA mixture found on the handle of the alleged murder weapon.

The same day, we reached out to DNA expert Dr. Lawrence Kobilinsky of John Jay College to discuss retaining him to assist with Mr. Sherland's defense. CJA funding was approved for the retention of Dr. Kobilinsky. The five-page report was promptly sent to Dr. Kobilinksy, but he required the OCME file.

The government was able to turn over the full OCME file on November 21, 2017, which we promptly forwarded to Dr. Kobilinsky for his review. Dr. Kobilinsky brought the file with him on a scheduled trip so that he could continue promptly reviewing it.

On November 29, 2017, the day after Dr. Kobilinksy returned from his trip, I met with him at John Jay College. He explained to me that the method used by the OCME to arrive at the "more than 4,000 times more likely" finding has recently been challenged and must be challenged by our defense team. The OCME has discontinued that method of analyzing DNA mixtures. It currently uses the STRmix. Dr. Koblinsky also told me that in recent litigation in the SDNY District Court, Judge Caproni

ordered that the underlying data of the old method be turned to a statistician of ProPublica, a non-profit organization that is investigating the old method, and that we need additional experts to properly defend Mr. Sherland. Dr. Kobilinsky also explained that he can no longer assist, as he received some health-related news and must retire from his lengthy career at John Jay.

I promptly contacted the government to report Dr. Kobilinksy's inability to assist. I also explained my need to secure additional experts, and immediately began taking the appropriate steps, which included:

- Dr. Kobilinksy contacting colleagues for me;
- emailing hundreds of members of a large criminal defense bar;
- telephoning the office of Barry Scheck, Esq.; and
- contacting a group of scientists based in Ohio.

On a daily basis, I have been in contact with the Ohio group and have come to understand that Mr. Sherland needs the following experts: (1) a molecular biologist; (2) a statistician with a background in population genetics; and (3) an engineer with a background in computing or software engineering. I am in the process of obtaining names, *curricula vitaes* and the availability of these experts.

I have also maintained constant contact with the government to apprise of developments and progress.

This morning, Mr. Bussert and I visited Mr. Sherland at the MCC. We reminded Mr. Sherland of his speedy trial rights and asked him whether he wishes to forge ahead with a January 2 trial. He informed us that he wishes to defend himself against the OCME's findings and utilize the above-described experts. Therefore, he is requesting an adjournment of his January 2 trial.

I expect to have our experts in place within the next few days at which point I will serve Rule 16 expert disclosures and continue my open dialogue with the government. Further, I respectfully request that the Court order a conference for Monday, December 11, 2017, anytime after 12:00 p.m., or any further date and time convenient to the Court.

As always, Your Honor's consideration is greatly appreciated.

Respectfully submitted,

/s/ *Edward V. Sapone*
Edward V. Sapone