USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 2 8 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

DOMINICK SHERLAND,
    a/k/a "D-Nick,"

               Defendant.

- - - - - - - - - - - - - - - - - - x

**SUPERSEDING**
**INFORMATION**

S11 15 Cr. 95 (JSR)

## COUNT ONE

### RACKETEERING CONSPIRACY

The United States Attorney charges:

#### THE ENTERPRISE

1. At all times relevant to this Indictment, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, were members and associates of the Big Money Bosses street gang ("BMB" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, murder, attempted murder, robbery, attempted robbery, narcotics trafficking, bank fraud, and the passing of counterfeit currency.

2. BMB was a faction of the "Young Bosses," or "YBz" street gang, which operates in various parts of New York City. BMB, whose members and associates also referred to themselves as "Blamma," "Money Making Mafia," or "Triple M," operated

principally in the vicinity of White Plains Road between 215th Street and 233rd Street in the Bronx, New York, including in an area on 224th Street described by members of the Enterprise as the "Forts," as well as in the vicinity of Boston Road and Eastchester Road in the Bronx, in an area described by members of the Enterprise as "B-Road."

3. Members of BMB and their associates committed acts of violence, including shootings, against rival gangs, including: (a) the "2Fly YGz," which is based in the Eastchester Gardens public housing development in the Bronx ("2Fly"); (b) the "Slut Gang," which is based in the Boston Secor public housing development in the Bronx; and (c) the "YSGz," which is based in the Edenwald public housing development in the Bronx.

4. Among the murders and other acts of violence committed in the Bronx, New York by members and associates of the Enterprise were: (a) the murder of Sadie Mitchell, who was killed in her own home by a stray bullet, at the age of 92, by an associate of BMB in the vicinity of White Plains Road and 224th Street and White Plains Road, on or about October 20, 2009; (b) the murder of Keshon Potterfield, a/k/a "Keke," who was shot to death, at the age of 18, by a member of BMB in the vicinity of 232nd Street between White Plains Road and Barnes Avenue, on or about June 22, 2014; and (c) the murder of Jeffrey Delmore, a/k/a "Famous," a/k/a "Junior," who was stabbed to death, at the

2

age of 15, by members of BMB in the vicinity of East Gun Hill Road, on or about May 15, 2010.

5. In addition to committing acts of violence and selling narcotics, members and associates of BMB engaged in robbery, attempted robbery, and bank fraud, and passed counterfeit currency, all in order to generate funds for the Enterprise.

6. NICO BURRELL, a/k/a "Zico Nico," and DOUGLAS MCLARTY, a/k/a "Q-Don," a/k/a "Q-Dizzy," were leaders of BMB authorized to order acts of violence and to recruit new members into the Enterprise. Leaders of BMB were called "Big Suits," and were further subcategorized as, among other things, "Burberry Suits," "Louis Suits," "Gucci Suits," "Ferragamo Suits," and "Sean John Suits," in order to signify their relative rank in the Enterprise.

7. BMB, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.

8. DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, was a member of the Enterprise who carried out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

PURPOSES OF THE ENTERPRISE

9. The purposes of the Enterprise included the following:

a. Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including marijuana and cocaine base, as well as robbery, attempted robbery, bank fraud, and the passage of counterfeit currency.

b. Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c. Promoting and enhancing the Enterprise and the activities of its members and associates.

MEANS AND METHODS OF THE ENTERPRISE

10. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit acts of

4

violence, including murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs, such as 2Fly, the Slut Gang, and the YSGz.

  b. Members and associates of the Enterprise used physical violence and threats of violence, including murder and attempted murder, against others, including in particular rival gang members and rival narcotics traffickers.

  c. Members and associates of the Enterprise used physical violence against various people, including murders and attempted murders.

  d. Members and associates of the Enterprise participated in robberies and attempted robberies.

  e. Members and associates of the Enterprise sold narcotics, including marijuana and cocaine base.

  f. Members and associates of the Enterprise engaged in bank fraud and passed counterfeit currency.

## THE RACKETEERING VIOLATION

11. From at least in or about May 2010, up to and including in or about 2016, in the Southern District of New York and elsewhere, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in paragraphs 1 through 10 of Count One of this Superseding Information, to wit, BMB,

knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

> Multiple acts involving robbery, that is, New York Penal Law, Sections 160.10, 160.05, 20.00 (robbery); New York Penal Law, Section 160.10, 160.05, 110.00 (attempted robbery); New York Penal Law 105.10 (conspiracy to commit robbery).

> Multiple acts indictable under 18 U.S.C. § 1951 (Hobbs Act robbery).

> Multiple acts involving the distribution of controlled substances, including cocaine base, marijuana, and oxycodone, in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

> Multiple acts indictable under 18 U.S.C. §§ 1344 and 2 (bank fraud); and

> Multiple acts indictable under 18 U.S.C. §§ 472, 473, and 2 (the passage of counterfeit currency).

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

6

## FORFEITURE ALLEGATION AS TO COUNT ONE

12. As a result of committing the offense alleged in Count One of this Indictment, DOMINICK SHERLAND, a/k/a "D-Nick," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interest the defendant acquired or maintained as a result of the commission of the offense alleged in Count One of the Superseding Information; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in committing the offense alleged in Count One of the Superseding Information; and (iii) any property, constituting or derived from, any proceeds which the defendant obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Superseding Information.

### Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or

7

      e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 1963;
> Title 21, United States Code, Section 853(p); and
> Title 28, United States Code, Section 2461(c).)

 

*[signature]*
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DOMINICK SHERLAND,

Defendant.

## SUPERSEDING INFORMATION

S7 15 Cr. 95 (JSR)

(18 U.S.C. §§ 1962(d).)

GEOFFREY S. BERMAN
United States Attorney.